No. 13,005.

WILLIAM JONES VS. THE TEXAS AND PACIFIC RAILWAY CO.

SYLLABUS.

It is not sufficient for a plaintiff, seeking damages of a railroad company for per-
sonal injuries, to show that a particular appliance of the company was in
bad condition; he must establish the fact that the injuries were occasioned
by the same.

ON APPEAL from the Civil District Court for the Parish of Or-
leans. *Theard, J.*

*Ambrose Smith* and *T. M. Gill* for Plaintiff and Appellee.

*Howe, Spencer & Cocke* for Defendant and Appellant.

Argued and submitted May 20, 1899.
Opinion handed down May 29, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. This was a suit instituted in the Civil District
Court to recover the sum of $10,070 for alleged personal injuries.

The substantial allegations of the petition are that the plaintiff was
employed by the defendant as brakesman; that on or about the 14th
day of October, 1895, at ten o'clock p. m., while in the discharge of
his duty the plaintiff attempted to descend a freight car attached to
one of the trains of the defendant by means of the hand holds or grab-
irons thereon, the said train being then in motion, that the said hand-
hold gave way and precipitated petitioner to the ground, where he
came in contact with cross ties of the said railroad and had his right
leg and ankle badly and seriously bruised, twisted and broken.

The petition further alleges, that as a result of the said fall, peti-
tioner suffered great bodily and mental pain and still suffers the same,
and has been rendered incapable of pursuing his occupation as
brakesman, in which occupation he earned wages amounting to sixty
dollars a month.

It is further alleged that the said injuries were caused by no

fault or negligence on the part of the petitioner, but were occasioned and caused solely by the fault and negligence of the defendant; that the said hand-hold was defective, old and insufficient to the knowledge of said railway company, and its agents, and that petitioner had no knowledge or notice of the said defect. The answer of the defendant consisted of: (1) A general denial. (2) An admission that the plaintiff was in defendant's employ, coupled with a special denial that he was injured by any negligence or want of care on its part or on the part of anyone for whom it was responsible; a denial that the plaintiff was injured by reason of the defect of any car belonging to respondent, or if injured by any such defect (which was denied) then respondent denied that it had any knowledge of the same and averred that plaintiff assumed by virtue of his employment, the risk thereof, if any such defect did in fact exist. (3) Defendant averred contributory negligence on the part of the plaintiff.

## Opinion.

There is no doubt as to the fact that the plaintiff was severely injured at Whitecastle, while in the employ of the defendant company, but the only person who testified as to the circumstances under which these injuries were received was the plaintiff himself.

The account given by himself is, that being a brakeman on the train in the discharge of his duty, he was descending, about ten o'clock at night, one of the side ladders which are fastened onto the cars, when the end of one of the rounds of the ladder pulled out from the side of the car to which it was attached, and dropping down, caused him to fall with violence to the ground and to break his ankle.

The claim made is that the fastening to the car was defective and the defendant company negligent in not providing safe appliances.

The only attempt at corroboration of this statement is through the testimony of one Robinson, who declared that as he was walking along the public road which runs parallel to the railroad track, he saw the plaintiff (lantern in hand) fall to the ground and in going to his assistance he was then told by him that the hand-hold "had pulled out and had caused him to fall and injure himself."

This statement was permitted to be introduced as part of the "*res gestae.*" Robinson said that he was unable of himself to say how the plaintiff came to be hurt.

As against this version of the facts, Barksdale, the conductor of the freight train, and Brown and Cunningham, brakemen thereon, testify that before the train reached Bayou Goula, the next station, three miles off, the plaintiff told each of them that he had jumped off the car and hurt himself and that on reaching that station they had examined the car and found the ladder and the "hand holds" thereto intact. The car inspector at Baton Rouge Junction testified to having made a similar inspection at that point with a like result.

There was evidence to show that the "draw head" of the particular car which the plaintiff was upon at the time of the accident, had pulled out that morning at Gouldsborough before the train left New Orleans, but that particular fact carried with it no significance as the "draw head" had nothing whatever to do with the side ladders.

The draw head might well pull out and the car be otherwise in thorough condition, and the car inspector at Gouldsborough testified that such was the fact, that he had fully inspected it before its starting from that point.

Under this condition of the evidence we think the judgment appealed from is erroneous.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered and adjudged and decreed that plaintiff's demand be rejected with costs in both courts.